**ATTORNEY GENERAL OF
TEXAS, Appellant,**

v.

**Jeff O'QUINN, Appellee.**

**No. 09–95–187 CV.**

Court of Appeals of Texas,
Beaumont.

Feb. 6, 1997.

Dan Morales, Attorney General, Rhonda Amkraut Pressley, Asst. Attorney General, Austin, for appellant.

Kenneth D. Furlow, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This appeal arises from a paternity action filed by the attorney general in providing child support enforcement services under Title IV, Part D of the Social Security Act, 42 U.S.C.A. §§ 651–669 (West 1991 & Supp. 1995), Chapter 76 of the Texas Human Resources Code, and Texas Family Code § 11.03(i).[1] Margarita L. Manetta, mother of the subject child and Jeff O'Quinn, the alleged biological father, were named as respondents and served with the original petition to establish paternity. Paternity testing excluded the possibility of appellee's paternity, and the State (appellant) moved in open court to "dismiss this cause with prejudice pursuant to the Family Code." In addition to declaring appellee not to be the father, the final decree awarded O'Quinn $2,175 as attorney's fees, to be taxed as costs, and $2,175.00 in costs, assessed jointly and severally against the State and the child's mother. Appellant's motion for new trial was overruled and the State timely perfected this appeal. Manetta did not appeal.

The sole point of error, "[t]he trial court erred in granting judgment for attorney's fees and costs in favor of the alleged father in a IV–D paternity action", challenges only that part of the judgment which awards attorney's fees and costs to O'Quinn.

Manetta's child was born May 26, 1992. In a petition filed March 2, 1993, the State included pleadings which requested paternity testing, temporary support in the event the alleged father was a presumed father (he was not), appointment of a managing conservator, name change, reimbursement for public assistance, support upon a finding of paternity, wage withholding for support payments, production of income records, attorneys fees and costs.

O'Quinn secured the services of an attorney to answer and defend the paternity claim. His answer included a request for attorney's fees, although no counterclaim or cross-claim was filed. Appellee alleged another man was the child's presumed father, but the court master resolved that issue against him. O'Quinn resisted paternity testing and defied three court orders for blood tests. Finally, fourteen months after the mother and child submitted to testing, he submitted to testing in response to the trial court's threat of confinement for contempt.

After the State moved to dismiss the cause, O'Quinn's attorney testified he had expended about fourteen and one-half hours on the case, and $150.00 per hour was a reasonable fee for his services. The final decree awarded O'Quinn $2,175.00 in attorney's fees and assessed $2,175.00 in costs. The State's motion for new trial, which was overruled, argued the State was entitled to sovereign immunity from suit, liability, attorney's fees, and costs, and further alleged assessment of attorney's fees and costs against the Attorney General are prohibited by Section 11.181 of the Texas Family Code.

The issue in this appeal has been resolved by the Legislature. In a Title IV–D case, such as this, "the court may assess attorney fees and all court costs as authorized by law, except that the court may not assess those amounts against the attorney general ... or

---

1. After judgment was entered, Chapter 76 of the Human Resources Code was transferred to Chapter 231 of the newly recodified Family Code. Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 247–59. For-

mer Tex. Fam.Code § 11.03(i) was recodified at Tex. Fam.Code 102.007. *Id.* at 126. All of the recodified Family Code provisions were enacted by this legislation.

any party to whom the attorney general has provided services under this chapter." Tex. Fam. Code Ann. § 11.181 (Vernon 1994).[2]

O'Quinn contends the award may be sustained pursuant to the statute which authorizes the attorney general's office to pay all fees, expenses, costs, and bills necessary to secure evidence and to take witness testimony. Tex. Hum. Res.Code Ann. § 76.002(g) (Vernon 1990 & Supp.1995).[3] This statute authorizes submission of vouchers to the Comptroller's office for payment of expenses, but has nothing to do with civil liability for a respondent's attorney fees and court costs. As we have already noted, the statute regarding court costs specifically prohibits assessment of court costs.

Appellee argues, for the first time on appeal, that the trial court's judgment is supportable as an award for filing a frivolous claim by a state agency. Tex. Civ. Prac. & Rem.Code Ann. § 105.002 (Vernon 1986). In order to recover pursuant to Section 105.002, the aggrieved party must file a written motion alleging that the state agency's claim is frivolous, unreasonable, or without foundation, must set forth the facts that justify his claim, and must state that if the action is dismissed or judgment is awarded to the party, he intends to submit a motion to the court to recover fees, expenses, and reasonable attorney fees. Tex. Civ. Prac. & Rem. Code Ann. § 105.003 (Vernon 1986). The answer filed by O'Quinn neither alleges the suit is "frivolous, unreasonable, or without foundation," nor "set[s] forth the facts that justify the party's claim," and thus failed to meet the procedural requirements of this statute. We hold the award of attorney's fees cannot be based upon a ground of recovery which was neither pleaded, nor presented to the trial court, nor made the basis of the judgment below.

Appellant's point of error is sustained. The judgment of the trial court is reformed to delete the award of attorney's fees and costs against the State. The judgment of the trial court is affirmed as reformed.

AFFIRMED AS REFORMED.

---

2. Re-codified 1995, for current law *see* Tex. Fam. Code Ann. § 231.211 (Vernon 1996).

3. Repealed 1995, for current law *see* Tex. Fam. Code Ann. § 231.210 (Vernon 1996).