ALDINE INDEPENDENT SCHOOL
DISTRICT and City of Houston,
Appellants,

v.

Beth BATY, d/b/a The Office
Extension, Appellee.

No. 14–95–01213–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 30, 1997.

Rehearing Overruled April 3, 1997.

Charles L. Babcock, N. David Bleisch, Susan L. Davidson, Houston, for appellants.

Lawrence W. Watts, Carla S. Danbury, Shetal R. Shah, Patricia H. Chapman, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

MURPHY, Chief Justice.

This is an appeal in an ad valorem tax case. Appellants Aldine Independent School District and The City of Houston claim the district court abused its discretion in ordering sanctions against them. We reverse the sanctions and remand this case for further proceedings consistent with this opinion.

The appellants filed suit to collect delinquent personal property taxes from appellee. In a hearing before a Harris County Tax Master, the appellee claimed nonownership of the personal property. The Tax Master found that appellee owned less property than reflected in her tax valuation, and ordered her to pay the delinquent taxes on the smaller amount. The appellants filed a Notice of Appeal of the Tax Master's Report and received a de novo hearing before the district court. At the conclusion of that hearing, the following exchange took place:

**The Court:** Well, gentlemen and ladies, this is one of those times when the Court can act as a court of equity. I, too, am shocked and dismayed that a case like this has gotten to my court. That we can come up with $800,000 worth of personal property without anybody laying eyes on a stick of furniture. I'm going to uphold [the tax master's] ruling. . . . Her ruling is upheld by this court in toto.

And I am going to have to be restrained here from finding some sanctions on [appellants]. Surely the taxing authorities can do their business in a better way than going out into this woman's business when she is not even there and contrive $800,000

worth of equipment in spite of three witnesses that I have heard here. And why you guys have continued to pursue this case. I'm—

What are the attorney's fees on this, sir?

**Plaintiff's Counsel:** In the nature of $5,300.

**The Court:** I will tell you what, this Court upon its own motion is going to find sanctions against them in the amount of $5,300.

The Court's final judgment contained a finding that "the Plaintiff's Notice of Appeal of Tax Master's Report in this cause of action was groundless and brought in bad faith," and ordered each appellant to pay $2,650.00 in sanctions to appellee. Appellants now appeal, challenging only the trial court's order imposing sanctions.

Appellant Aldine Independent School District raises two points of error, claiming (1) the trial court abused its discretion in ordering sanctions without notice and a hearing, and (2) the sanctions were not authorized by any rule or law. The City of Houston raises four points of error, arguing the trial court erred in assessing the sanctions because (1) there was no evidence to support the award and the sanctions were unauthorized as a matter of law, (2) the sanctions were unauthorized, unjust, and an abuse of discretion, (3) the appellants demonstrated "good cause" for their attempts to collect the delinquent taxes as a matter of law, and (4) there was no authority for assessing an award of attorneys' fees. Because we hold that the trial court erred in failing to provide appellants with notice and a hearing before imposing sanctions—and remand on that ground—we do not reach the merits of appellants' other points of error.

■ It is clear from the language of the order of sanctions in this case that the trial court relied on TEX.R. CIV. P. 13 to support the order.[1] Although the judgment specifically cites no basis for the sanctions, the language of the sanctions order tracks the language of Rule 13. Therefore, we limit our review to determining whether the sanctions meet the requirements of Rule 13. *See Metzger v. Sebek,* 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("When an order of sanctions refers to one specific rule, either by citing the rule, tracking its language, or both, we are confined to determining whether the sanctions are appropriate under that particular rule.").

■ We review a court's order of Rule 13 sanctions under an abuse of discretion standard. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990); *Monroe v. Grider,* 884 S.W.2d 811, 816 (Tex.App.—Dallas 1994, writ denied). The test for determining if the trial court abused its discretion is whether the trial court acted without reference to any guiding rules or principles. *Koslow's,* 796 S.W.2d at 704. The "guiding principle" behind the trial court's action in this case is, of course, Rule 13 itself. Rule 13 requires that the trial court provide notice and hold an evidentiary hearing "to make the necessary factual determinations about the motives and credibility of the person signing the groundless petition." *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 856 S.W.2d 194, 205 (Tex.App.—Dallas 1993, no writ). Imposing sanctions without the requisite notice and hearing also violates the requirements of due process. *Braden v. South Main Bank,* 837 S.W.2d 733, 738 (Tex.App.—Houston [14th Dist.] 1992, no writ), *cert. denied,* 508 U.S. 908, 113 S.Ct. 2337, 124 L.Ed.2d 248 (1993).

■ Although the court's judgment in this case recites that the order for sanctions followed notice and a hearing, the record shows otherwise. A recitation in the judgment that proper notice and hearing were had provides prima facie evidence of such notice which we must accept as true absent proof to the con-

---

1. Rule 13 provides, *inter alia:*

The signatures of attorneys or parties constitute a certificate by them ... that to the best of their knowledge, information and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purposes of harassment.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215–2b, upon the person who signed it, a represented party, or both.

TEX.R. CIV. P. 13.

trary. *Roberts v. Mullen,* 417 S.W.2d 74, 78 (Tex.Civ.App.—Dallas), *aff'd,* 423 S.W.2d 576 (Tex.1968). However, "[w]hen a conflict exists between recitals in the judgment and the record itself, as in this case, the presumption of verity in the judgment is rebutted." *Adamson v. Blackmar,* 546 S.W.2d 698, 700 (Tex.Civ.App.—Austin 1977, no writ). The record in this case reflects that the trial court spontaneously ordered sanctions on its own motion at the conclusion of the hearing, without providing either notice or a hearing to appellants. As such, we hold that the trial court, in failing to follow the requirements of Rule 13, abused its discretion.

Accordingly, we remand this case to allow the trial court to conduct an evidentiary hearing for Rule 13 sanctions after proper notice to appellants.