103 S.W.3d 570 (2003)
In the Interest of A.C.B., A Child.
No. 04-02-00076-CV.
Court of Appeals of Texas, San Antonio.
February 5, 2003.
*572 John B. Worley, Rhonda Amkraut Pressley, Asst. Atty. Gen., Austin, for Appellant.
Kay Martinez, Law Offices Of Kay Martinez, P.C., Melissa Ann Binder (OTH), San Antonio, for Appellee.
Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.
Opinion by: SANDEE BRYAN MARION, Justice.
This appeal, brought by the Office of the Attorney General ("AG"), complains of the trial court's declaratory judgment and an order clarifying that judgment in favor of Christopher Binder. We affirm that portion of the judgment ordering the AG to withdraw the administrative writ of withholding and to contact Binder's employer and credit reporting agencies that no child support arrearage exists, and we affirm that portion of the judgment sanctioning the AG $500. We reverse and vacate the clarifying order because it was signed after the trial court's plenary jurisdiction expired and is not a proper "clarification" as allowed by the Family Code.

PROCEDURAL/FACTUAL BACKGROUND
Binder and his wife divorced in October 1998. The divorce decree required Binder to pay $548 per month in child support, beginning March 31, 1998. Binder was obligated to make his child support payments through the Bexar County Child Support Registry; however, because the decree was not signed until October 1998, he paid his former wife directly from March 31, 1998 through October 1998. In November 1998, an account was established with the Registry, and Binder's payments for November 1998 through December 29, 2000 were recorded. However, because the account was not established until November 1998, Binder's previous payments were not recorded and the Bexar County Child Support Information System showed an arrearage. As a result, on April 18, 2001, the AG sent Binder a notice of intent to report him to credit reporting agencies for non-payment of child support. The notice stated Binder was in arrears in the amount of $5,868.47, and that he could contest the amount by contacting a local *573 child support office within thirty days and filing "a written request for administrative hearing."
On May 4, 2001, the AG filed, with the district clerk, a notice of administrative writ of withholding and a copy of the writ. After the writ issued, Binder met with a representative of the AG, and presented hand-written receipts signed by his former wife proving his payments for March through October 1998. According to Binder, the representative told him "only a judge could say that [the receipts] were valid" and "[the AG] would have to get an affidavit from [his former wife] stating that [Binder] was not behind." Binder understood that the AG would contact his former wife about the affidavit, but he later testified that she was not contacted by the AG. Binder himself asked his former wife for an affidavit, which she refused to provide.
On May 31, 2001, Binder filed a Motion for Declaratory Judgment, asking the court to (1) enter judgment that he was not in arrears and is current in his support obligation, (2) sanction the AG and his former wife, and (3) notify any entity previously contacted that he was not in arrears. He did not ask that the writ be withdrawn. Following a September hearing, the trial court signed on November 7th, an Order on Motion for Declaratory Judgment. The judgment declared that Binder had no child support arrearage, ordered the AG to withdraw the writ, ordered that any entities informed of an arrearage be notified that the report was in error, and sanctioned the AG $500. The court also issued findings and conclusions.
Binder later filed a Motion for Clarification of Prior Order, asking that the court order the AG to return to him sums withheld to satisfy the alleged arrearage or credit the amount to his current support obligation. The AG objected to Binder's motion and also asked the court to suspend the declaratory judgment. At the conclusion of a February 12, 2002 hearing, the trial court ordered a two-month abatement of child support. The trial court denied the AG's request to suspend the declaratory judgment; however, on March 28, 2002, this court suspended the trial court's imposition of sanctions pending appeal. On April 4, 2002, the trial court signed an Order on Motion for Clarification of Prior Order ("clarification order"), abating support for May and June 2002.
This court consolidated the AG's appeal from the declaratory judgment with its appeal from the clarification order. The AG raises the following complaints on appeal: (1) the trial court did not have jurisdiction to issue the declaratory judgment, (2) the evidence is legally and factually insufficient to support the sanctions, and (3) the trial court erred in issuing the clarification order.

JURISDICTION
The AG asserts the trial court did not have jurisdiction because Binder did not first exhaust his administrative remedies, sovereign immunity bars Binder's declaratory judgment action, and a declaratory judgment action was an improper remedy because the underlying dispute involved only the resolution of a factual issue (the existence of an arrearage).
Family Code section 158.506, which governs contests to writs of withholding, provides as follows:
(a) Except as provided by Section 158.502(c), an obligor receiving the notice under Section 158.505 may request a review by the Title IV-D agency to resolve any issue in dispute regarding the identity of the obligor or the existence or amount of arrearages. The Title IV-D agency shall provide an opportunity for a review, by telephonic conference or *574 in person, as may be appropriate under the circumstances.
(b) After a review under this section, the Title IV-D agency may issue a new administrative writ of withholding to the employer, including a writ modifying the amount to be withheld or terminating withholding.
(c) If a review under this section fails to resolve any issue in dispute, the obligor is entitled to the remedies provided by Section 158.317 for cases in which a notice of an application for judicial writ of withholding was not received. The obligor may file a motion with the court to withdraw the administrative writ and request a hearing with the court not later than the 30th day after receiving notice of the agency's determination. Income withholding may not be interrupted pending a hearing by the court.
Tex. Fam.Code Ann. § 158.506 (Vernon 2002). Section 158.317 provides that "the obligor may file a motion to withdraw the writ of withholding and request a hearing on the applicability of the writ." Id. § 158.317(b).
Administrative Remedy
We do not address the AG's argument that section 158.506 provides an "administrative remedy" that first must be exhausted before an obligor can resort to a court, or whether this section provides the exclusive method for challenging an administrative writ of withholding. Assuming without deciding that Binder was required to follow the procedures outlined in section 158.506, we conclude that he did so. Binder met with a representative of the AG.[1] After being told that "only a judge could say that [the receipts] were valid," Binder filed his motion for declaratory judgment within thirty days after meeting with the AG.[2] Accordingly, we hold that Binder substantially complied with section 158.506.
Sovereign Immunity
We do not agree with the AG that sovereign immunity is implicated here. Notwithstanding his request for sanctions against the AG, Binder's suit does not attempt to impose liability on the State, nor is he making a claim against the State. See Federal Sign v. Texas Southern Univ., 951 S.W.2d 401, 404 (Tex.1997).
Declaratory Judgment
Nor do we agree that a declaratory judgment is an improper remedy when an administrative writ has been wrongfully issued and employers and credit agencies are informed of a non-existent arrearage. In Binder's motion for declaratory judgment, he asked for the following relief:
... Movant prays that this Court enter a judgment finding that Movant is not in arrears and is current in all child support obligations. Further, Movant prays the Court sanction the Office of the Attorney General and Melissa Ann Binder and order that any individuals or entities to whom these alleged arrearages have been reported be so notified.
During the hearing, Binder's attorney was called as a witness on attorney's fees, and she was asked why she had not filed a motion to withdraw the writ. Counsel responded that such a motion would not have resolved the problem that a child support *575 arrearage had been falsely reported to the credit reporting agencies. She said she filed the motion for declaratory judgment to ask that the credit reporting agencies be informed there was no arrearage and to ask that the AG be sanctioned for its "cavalier treatment" of Binder.
Binder's pleading thus put into issue the question of whether he was in arrears on his child support obligation. See Paramount Pipe & Supply Co., Inc. v. Muhr, 749 S.W.2d 491, 494 (Tex.1988) (pleadings must give fair notice of the claim asserted); Tex.R. Civ. P. 45, 47. The AG does not complain that it was not given fair notice of Binder's complaint against it. See Paramount Pipe, 749 S.W.2d at 494 (purpose of the fair notice requirement is to provide the opposing party with sufficient information to prepare a defense); see also Roark v. Allen, 633 S.W.2d 804, 810 (Tex.1982). The trial court heard the evidence on Binder's alleged arrearage and found no such arrearage existed.[3] In its order, the trial court stated as follows:
The court finds that no child support is due and owing, that no arrearage exists and that the allegations made claiming [Binder] was in arrears in his child support obligation regarding arrearages were false. The Court orders that the Administrative Writ of Withholding be immediately withdrawn. The Court further orders the [AG] to immediately notify the employer of [Binder] and credit reporting agencies or any other entities to which reports of the alleged arrearages have been made, that the said report was in error and that [Binder] is not and has not been in arrears in child support.
It is apparent from the substance of Binder's motion for declaratory judgment and the relief granted by the trial court that the court construed Binder's motion as requesting the relief afforded under Family Code section 158.506, in addition to requesting notification to Binder's employer and the credit reporting agencies and sanctions. We construe Binder's motion in a similar manner, and affirm that portion of the trial court's order directing the AG to withdraw the administrative writ of withholding and to notify Binder's employer and any entities to which reports of the alleged arrearages have been made that the report was in error and Binder is not and has not been in arrears in child support.

SANCTIONS
The trial court ordered the AG to pay Binder's attorney $500. The AG asserts the evidence is legally and factually insufficient to support the trial court's findings and conclusions regarding the sanction and no legal basis exists upon which the AG can be sanctioned.
We review the trial court's actions under an abuse of discretion standard of review. Home Owners Funding Corp. of Am. v. Scheppler, 815 S.W.2d 884, 889 (Tex.App.-Corpus Christi 1991, no writ). The test for determining whether the trial court abused its discretion is whether it acted without reference to any guiding rules and principles; in other words, whether the act was arbitrary or unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).
In its conclusions of law, filed after the sanctions order, the trial court found that the AG arbitrarily disregarded valid proof that Binder had made his child support payments, the issuance of the writ of withholding and the basis for the writ were groundless, and the AG refused to return *576 monies it had wrongfully taken from Binder after the court found that the monies were not owed. The court did not state the rule it relied upon in sanctioning the AG, but it appears to have done so under Texas Rule of Civil Procedure 13, which authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who file a groundless pleading, motion, or other paper brought in bad faith or brought for the purpose of harassment. Tex.R. Civ. P. 13.
The AG first challenges the sanctions on the grounds that the trial court's order does not state any facts or particulars warranting good cause for the imposition of sanctions, and fails to specify any finding that the pleadings upon which the sanctions were based were groundless and brought in bad faith or for purposes of harassment. We disagree.
Findings and conclusions filed after the issuance of a sanctions order can satisfy the particularity requirement of Rule 13 if the findings and conclusions indicate the trial court has examined the facts available to the litigant and the circumstances existing when the litigant filed the pleading, motion, or other paper; inform the offending party of the particular conduct warranting sanctions for the purpose of deterring similar conduct in the future; and enable the appellate court to review the order in light of the particular findings made by the trial court. See University of Texas at Arlington v. Bishop, 997 S.W.2d 350, 356 n. 24 (Tex.App.-Fort Worth 1999, pet. denied); Gorman v. Gorman, 966 S.W.2d 858, 867-68 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); see also GTE Comm. Sys. Corp. v. Curry, 819 S.W.2d 652, 654 (Tex.App.-San Antonio 1991, orig. proceeding). Because the trial court's conclusions indicate it adhered to the standard of Rule 13, we hold that the requirements of that rule have been satisfied.
The AG next argues that Rule 13 sanctions were inappropriate because the Notice of Administrative Writ of Withholding is not a "pleading." This argument ignores both the wording and the purpose of Rule 13, which is to require parties and attorneys to make a reasonable inquiry into the basis for a "pleading, motion, or other paper," and to deter parties and attorneys from signing a "pleading, motion, or other paper" that is groundless and brought in bad faith or groundless and brought for the purpose of harassment. The Notice of Administrative Writ of Withholding was filed with the district clerk and constitutes an "other paper" within the scope of Rule 13.
Finally, according to the AG, merely receiving the report of an arrearage from the Bexar County Child Support System authorizes it to issue the writ of withholding. The AG contends it has no obligation to ensure that the information in such a report (i.e., an arrearage) is accurate; and when presented by the obligor with proof an arrearage does not exist, it has no obligation to withdraw the writ, notify employers or credit agencies, or reimburse the obligor for wrongfully withheld payments. The AG argues it would be unreasonable for its enforcement arm to act as an adjudicator. However, the Family Code allows the AG to act as both adjudicator and enforcer.[4] And, that is exactly what happened here.
*577 Binder presented the AG with proof of his payments; the AG's representative told him it would obtain an affidavit from his wife confirming his payments; Binder's wife was never contacted by the AG's office; and the AG instigated employer-withholding of a non-existent arrearage and took action that had a negative impact on Binder's credit history. On appeal, the AG repeatedly notes that it never asserted Binder owed an arrearage. Yet, on the other hand, the AG blames Binder for this entire dispute, contending he should have known that if his former wife refused to acknowledge his direct payments, he might be required to prove, in court or in a formal administrative hearing, that he made the payments. The AG asserts, "He thus cannot blame the [AG] for his having to go to court to prove his payments. This bed was one he made himself."
We recognize the invaluable contribution the AG's office makes to the need to improve child support enforcement efforts. The AG collected $1.029 billion in child support in fiscal year 2000. See Doretha Smith Henderson, Title IV-D and Child Support Enforcement, 65 Tex. B.J. 504, 507 (2002). "Implementation of legislation required to expedite the collection of child support is responsible for some of the increased collections. For example, more than $155 million was collected through automated administrative income withholding mandated by federal legislation." Id. While we applaud the AG's efforts in most instances, we cannot overlook its failure here. Because the AG is empowered to issue a writ of withholding without judicial oversight, it has a corresponding obligation to ensure that an arrearage exists and the arrearage amount is accurate. The AG's filing of the Notice of Administrative Writ of Withholding without any effort to verify whether there was an arrearage, without looking at the divorce decree, and without Binder's former wife seeking the AG's assistance or claiming that Binder was in arrears; and the AG's refusal to withdraw the writ after meeting with Binder and being presented with evidence that he was not in arrears can be described in no other terms except groundless and in bad faith. Accordingly, we hold that the trial court did not abuse its discretion in sanctioning the AG under these circumstances. See Attorney General of Texas v. Cartwright, 874 S.W.2d 210, 216-17 (Tex.App.-Houston [14th Dist.] 1994, writ denied); see also Monroe v. Grider, 884 S.W.2d 811, 817 (Tex.App.-Dallas 1994, writ denied).

CLARIFICATION ORDER
After the trial court's plenary power had expired, it signed the clarification order in which the court found that its declaratory judgment was "not specific enough to be enforceable," and it added a paragraph ordering Binder's child support obligation to be abated for May and June 2002.
A court may clarify an order if the court finds that the order is not specific enough to be enforced by contempt. Tex. Fam.Code Ann. § 157.421(a) (Vernon 2002). However, the court may not change substantive provisions of the order. Id. § 157.423(a). The only basis for clarifying a prior order is when a provision is ambiguous and non-specific. Pearcy v. Pearcy, 884 S.W.2d 512, 514 (Tex.App.-San Antonio 1994, no writ). In the absence of an ambiguity, the trial court is without authority to modify the judgment. Id.
The original order directed the AG to withdraw the writ of withholding and give notice to appropriate agencies. These *578 were enforceable provisions that required no interpretation or clarification. The original order made no mention of crediting payments withheld by the AG to Binder's future child support obligation or abating his future support payments. For this reason, the trial court granted Binder additional relief in the clarification order that was not awarded in the original order. This substantive change could not be made after the original order became final. McGehee v. Epley, 661 S.W.2d 924, 925-26 (Tex.1983). Therefore, the trial court erred in entering the clarification order.[5]

CONCLUSION
We affirm the trial court's Order on Motion for Declaratory Judgment. We reverse and vacate the trial court's Order on Motion for Clarification of Prior Order.
NOTES
[1] "[A]n obligor ... may request a review by the Title IV-D agency to resolve any issue in dispute regarding ... the existence or amount of arrearages." See Tex. Fam.Code Ann. § 158.506(a).
[2] "If a review under this section fails to resolve any issue in dispute, the obligor ... may file a motion with the court to withdraw the administrative writ and request a hearing with the court not later than the 30th day after receiving notice of the agency's determination." Id. § 158.506(b).
[3] On appeal, the AG does not challenge the sufficiency of this finding.
[4] The AG "may initiate income withholding by issuing an administrative writ of withholding for the enforcement of an existing order as authorized by this subchapter." Tex. Fam. Code Ann. § 158.501(a) (Vernon 2002). The administrative writ statute does not limit its application to enforcement of arrearage judgments. Attorney General v. Redding, 60 S.W.3d 891, 895 (Tex.App.-Dallas 2001, no pet.). The statute does not require an arrearage judgment as a prerequisite to an administrative writ. Id. "Indeed, the very purpose of the administrative writ is to allow withholding without the necessity of court action." Id.
[5] At the hearing on Binder's motion for clarification, the trial court expressed its frustration with the AG's refusal to refund any money to Binder when it asked the AG, "[I]f we've had a hearing and I've ruled that, not only did he not owe the child support that you alleged, that you've taken money that he didn't owe, wouldn't the natural thing be to give it back to him?" We agree with the trial court, and fail to understand the AG's recalcitrance. Our reversal of the clarification order should not be interpreted by the AG as our condoning its behavior, and we encourage the AG's office (and Binder's former wife) to remedy this situation without further court intervention.