Affirmed and Memorandum Opinion filed April 6, 2004









Affirmed
and Memorandum Opinion filed April 6, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01040-CV

____________

 

OFFICE OF THE
ATTORNEY GENERAL OF THE STATE OF TEXAS, Appellant

 

V.

 

CHERYL L. PHILLIPS, Appellee

 



 

On Appeal from the County
Court at Law

Walker County, Texas

Trial Court Cause No. 5408

 



 

M E M O R A N D U M   O P I N I O N








Appellant, the Office of the Attorney
General of the State of Texas, appeals from a trial court=s order requiring
it to pay the attorney of appellee, Cheryl L. Phillips, attorney=s fees of
$3,200.00.  In conjunction with her
response, appellee files a motion for sanctions for filing an appeal that is
frivolous, unreasonable, without foundation, groundless, brought in bad faith,
or brought for the purpose of harassment; she requests that this Court enter an
order sanctioning appellant for its conduct in bringing and executing this
appeal, and order appellant to pay her costs and reasonable attorney fees of
$7,805.00.  Because we find appellant
failed to properly preserve error below, we affirm the trial court=s order.  We also deny appellee=s motion for
sanctions.

The parties are familiar with the facts of
the dispute and we will not repeat them here. 
In a single issue, appellant contends the trial court improperly
assessed attorney=s fees against it in contravention of
Texas Family Code section 231.211, which provides in part as follows: AAt the conclusion
of a Title IV‑D case, the court may assess attorney=s fees and all
court costs as authorized by law against the nonprevailing party, except that
the court may not assess those amounts against the Title IV‑D agency . .
. that has entered into a contract under this chapter or any party to whom the
agency has provided services under this chapter.@  The office of the attorney general is
designated as this state=s Title IV‑D agency.  See Tex.
Fam. Code ' 231.001. 
Appellant further contends that the attorney=s fee award cannot
be sustained as a sanction because the order does not state with particularity
good cause for the sanction.  See Tex. R. Civ. P. 13 (ANo sanctions under
this rule may be imposed except for good cause, the particulars of which must
be stated in the sanctions order.@).








However, the record shows that at no time
did appellant object below to the award of attorney=s fees on the
basis that it was precluded by Family Code section 231.211, or on any other
basis.  An issue for appeal based on a
trial court=s ruling must be supported by a showing in
the record that the motion, request, or objection was presented to and acted
upon by the trial court.  See Guyot
v. Guyot, 3 S.W.2d 243, 246 (Tex. App.CFort Worth 1999,
no pet); Tex. R. App. P. 33.1(a).  A party may not waive, consent to, or neglect
to complain about an error at trial and then surprise his opponent on appeal by
stating his complaint for the first time. 
Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982).  In support of its assertion that it cannot be
made liable for attorney=s fees, appellant cites Attorney
General of Texas v. O=Quinn, 938 S.W.2d 542
(Tex. App.CBeaumont 1997, no writ), but in that case,
error preservation was not an issue.  See
id. at 543 (noting the State alleged in motion for new trial that
assessment of attorney=s fees and costs against the attorney
general was prohibited by statute). 
Appellant does not dispute that it failed to properly preserve error,
and it makes no argument that it is entitled to the relief it seeks despite its
failure to comply with the rules of appellate procedure.  Appellant does not contend that this is a
case of fundamental error, or provide any reason why Rule of Appellate
Procedure 33.1 should not apply. 
Appellant failed to properly preserve error.  Consequently, we overrule appellant=s issue. 

Appellee argues for sanctions on the basis
that appellant filed its appeal when its issue was not preserved for appeal,
and suggests that appellant deliberately drafted the written order for the trial
court=s signature in
such a way as to prevent or discourage the trial court from entering a
sustainable sanction order for the attorney=s fees.  Additionally, appellee points out that
appellant failed to order and pay for a transcription of the hearing in which
the trial court entered its ruling, in an attempt to limit the record on appeal
to the allegedly faulty written order appellant had itself prepared.  We have carefully considered appellee=s arguments in her
motion and response brief; nevertheless, we do not find that sanctions are
warranted.  We therefore deny appellee=s motion for
sanctions.

The judgment of the trial court is
affirmed.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed April 6, 2004.

Panel
consists of Justices Fowler, Edelman, and Seymore.