Petition for Writ of Mandamus Conditionally Granted in Part and Denied
in Part, and Majority and Concurring Memorandum Opinions filed August 19, 2008








 

Petition
for Writ of Mandamus Conditionally Granted in Part and Denied in Part, and
Majority and Concurring Memorandum Opinions filed August 19, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00203-CV

____________

 

IN RE BRIAN KENEFICK, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

C O N C U
R R I N G   M E M O R A N D U M   O P I N I O N

I
respectfully concur with the court=s disposition of Kenefick=s mandamus petition, though I do not
join the majority=s analysis as to the clarification order.  

 In its
clarification order, the trial court changed the unambiguous formula used in
the divorce decree to calculate the dividend.  Therefore, as the majority
concludes, the clarification order is void and mandamus relief should be
conditionally granted as to this order.  The majority, however, also states that
the divorce decree is unambiguous regarding the award of the dividend.  There
is no need to address whether this part of the divorce decree is unambiguous.








The
parties= divorce decree has been final by
appeal for more than four years.  No party made a direct attack on the decree,
and any such attack at this point would be untimely.  Nonetheless, the trial
court may render orders to assist in the implementation of or to clarify the
decree.  See Tex. Fam. Code Ann.
'' 9.007, 9.008 (Vernon 2006).  The
trial court, however, may not make a substantive change to the divorce decree. 
See Tex. Fam. Code Ann. ' 9.007(b).  Under the unambiguous
language of the divorce decree, the monthly dividend amount is equal to half of
KCO=s monthly net cash income, but no
more than $3,000.  Under the clarification order, each party receives a monthly
dividend equal to $3,000 of KCO=s net cash income, regardless of the amount of monthly net
cash income.  Under the unambiguous language of the divorce decree, an annual
dividend Amay be used to distribute additional surplus net cash income.@  However, in its clarification
order, the trial court added a provision requiring that some undistributed net
cash income from KCO be distributed to Kenefick and Irwin at the end of the
calendar year.  Therefore, the trial court exceeded its authority in rendering
the February, 14, 2008 order, and this order is void.  See  In re A.C.B.,
103 S.W.3d 570, 577B78 (Tex. App.CSan Antonio 2003, no pet.).  For this reason, mandamus relief
should be conditionally granted as to the clarification order.[1]








In an
obiter dictum, the majority states that the divorce decree is unambiguous with
regard to the award of the KCO dividend.  It is not necessary for this court to
address whether this language is unambiguous. There well may be more than one
reasonable interpretation of this part of the decree, i.e., whether the trial
court ordered Kenefick to cause KCO to pay any dividend or to take all steps
within his power to cause  KCO to pay such a dividend.   This court need not
decide today if this part of the decree regarding the award of the KCO dividend
is unambiguous to conditionally grant mandamus relief as to the clarification order. 
The decree is unambiguous as to the formula for calculating the dividend, and
mandamus relief is appropriate because in the clarification order, the trial
court changed this unambiguous language. 

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Petition for Writ of
Mandamus Conditionally Granted in Part and Denied in Part, and Majority and
Concurring Memorandum Opinions filed August 19, 2008.

 

Panel consists of Justices Fowler,
Frost, and Seymore. (Seymore, J., majority).









[1] The majority
correctly determines that mandamus relief should not be granted as to the order
compelling discovery.