

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00501-CV

**OFFICE OF THE ATTORNEY GENERAL**,
Appellant

v.

Blanca **DE LEON**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 8,248
Honorable Paul Canales, Judge Presiding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  December 31, 2014

REVERSED AND RENDERED

Appellant Office of the Attorney General (OAG) was sued by Appellee Blanca De Leon for its liens against certain real property.  In its judgment on Blanca's declaratory judgment action, the trial court awarded Blanca the relief she requested including attorney's fees.  OAG moved for a new trial solely on attorney's fees.  At the hearing on OAG's motion, the trial court denied OAG's motion and then orally stated the attorney's fees were sanctions; OAG appeals.  Because,

---

[1] The Honorable Jose A. Lopez is the presiding judge of the 49th Judicial District Court.  Judge Canales was the visiting judge who conducted the bench trial, signed the declaratory judgment, and conducted the hearing on OAG's motion for new trial.

in this case, the trial court could not properly award attorney's fees against OAG under the Family Code, the UDJA, or as sanctions, we reverse the trial court's judgment and render judgment that Blanca take nothing.

**BACKGROUND**

Blanca married Jose De Leon—a man with child support obligations for children not of his marriage to Blanca. After their marriage, Blanca used proceeds from her personal injury settlement to purchase several pieces of real property. The property titles were initially issued in both her name and Jose's name, and OAG put liens on the properties. Blanca insisted the properties were her separate property, and sued OAG using a declaratory judgment action. Blanca asked the court for certain relief from the liens and for attorney's fees. The trial court granted Blanca's requested relief and awarded attorney's fees against OAG.

In its motion for new trial, OAG argued the Family Code statute under which Blanca sought relief bars an award of attorney's fees, and a declaratory judgment action was improperly duplicative. At the conclusion of the hearing on OAG's motion, the trial court denied OAG's motion and then orally stated "if I did not specifically say it was a sanction on the record before, I should have."

Raising three issues, OAG appeals.

**NO BASES FOR AWARDING ATTORNEY'S FEES**

In its first issue, OAG argues Blanca is not entitled to attorney's fees against it under the Family Code, the UDJA, or as sanctions. We recite the standard of review and then address each argument in turn.

**A.      Standard of Review**

We review an award of attorney's fees under the Uniform Declaratory Judgments Act for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Oake v. Collin County*,

692 S.W.2d 454, 455 (Tex. 1985). A trial court abuses its discretion if it fails to properly interpret and apply the law. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985) ("The test for abuse of discretion is . . . whether the court acted without reference to any guiding rules and principles.").

**B.    Attorney's Fees Under UDJA on Family Code Claims**

*1.    Blanca's Arguments*

Blanca sued OAG and others for relief from the child support liens on what she asserted was her separate property. In her suit, Blanca expressly sought relief under Texas Family Code sections 157.322, .323, and .326, *see* TEX. FAM. CODE ANN. §§ 157.322, .323, .326 (West 2014), but petitioned under the Uniform Declaratory Judgments Act, *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (West 2014). She sought the following relief by declaratory judgment:

A.    Declare that the child support liens number (1), (2), and (3) have been paid and order the Attorney General to sign releases of liens pursuant to section 157.322 of the Texas Family Code.

B.    Declare that the above properties are the separate property of Ms. [Blanca] De Leon and Order that child support liens from any obligation due from Mr. [Jose] De Leon be released as to the above properties.

C.    In the alternative, declare what if any of the above properties are subject to the child support liens and declare the portion that is the separate property of Ms. [Blanca] De Leon provided in section 157.323 of the Texas Family Code.

She also sought attorney's fees under section 37.009. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009.

*2.    OAG's Arguments*

In response, OAG argued that Blanca could not be awarded attorney's fees under the UDJA because the Family Code expressly prohibits award of attorney's fees against it in a Title IV-D case, and she cannot tack on a UDJA claim to get attorney's fees.

We begin by reviewing the applicable law.

*3.     Relief Against Child Support Lien under Family Code*

Under section 157.326, an obligor's spouse may seek relief from a child support lien against property in which the spouse claims an ownership interest as follows:

> (a) A spouse of an obligor . . . having an ownership interest in property that is subject to a child support lien may file suit under Section 157.323 to determine the extent, if any, of the spouse's . . . interest in real . . . property that is subject to . . . a lien perfected under this subchapter.
>
> (b)  After [the required] notice . . . , the court shall conduct a hearing and determine the extent, if any, of the ownership interest in the property held by the obligor's spouse . . . .

TEX. FAM. CODE ANN. § 157.326.

However, the trial court may not award attorney's fees against the OAG in a Title IV-D case. TEX. FAM. CODE ANN. § 231.211 (stating that in a Title IV-D case, "the court may not assess [attorney's fees] against the Title IV-D agency"); *Office of Att'y Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013) (identifying the OAG as Texas's Title IV-D agency and recognizing child support enforcement actions as falling under Title IV-D of the Social Security Act); *In re Naylor*, 160 S.W.3d 292, 295 (Tex. App.—Texarkana 2005, pet. denied) (recognizing that, in a Title IV-D case, the trial court may not award attorney's fees against the Office of the Attorney General); *Att'y Gen. of Tex. v. O'Quinn*, 938 S.W.2d 542, 543 (Tex. App.—Beaumont 1997, no writ) (same); *see also* 42 U.S.C. §§ 651–69b (2006) (Title IV-D of the Social Security Act).

Further, "a party cannot use the [UDJA] as a vehicle to obtain otherwise impermissible attorney's fees." *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009); *accord Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 301 (Tex. 2011).

*4.      No Attorney's Fees under Family Code or UDJA*

In her suit, Blanca sought relief from child support enforcement liens under the Family Code's provisions for enforcement of such liens. *See* TEX. FAM. CODE ANN. §§ 157.322, .323, .326. Except for attorney's fees, all the relief Blanca sought was available to her under the Family Code. *See* TEX. FAM. CODE ANN. §§ 157.322, .323, .326. She could get a determination that certain liens were paid in full, a release of those liens, and a determination that her property was separate property. *See* TEX. FAM. CODE ANN. § 157.326 (bring suit, determine ownership interest, release of lien); *id.* § 157.322 (mandatory release of lien); *id.* § 157.323 (resolve ownership interest). Thus, her declaratory judgment action seeking attorney's fees was merely incidental to her claims for relief under the Family Code, *see Jackson*, 351 S.W.3d at 301 (citing *John G. & Marie Stella Kenedy Mem'l Found. v. Dewhurst*, 90 S.W.3d 268, 289 (Tex. 2002)), and it sought relief under the UDJA that was otherwise impermissible, *contra MBM Fin. Corp.*, 292 S.W.3d at 669.

Further, the Family Code expressly prohibits an award of attorney's fees against OAG in a Title IV-D case such as this, TEX. FAM. CODE ANN. § 231.211; *In re Naylor*, 160 S.W.3d at 295; *O'Quinn*, 938 S.W.2d at 543, and Blanca cannot use the UDJA to circumvent the statute, *see Jackson*, 351 S.W.3d at 301; *MBM Fin. Corp.*, 292 S.W.3d at 669.

Therefore, we necessarily conclude Blanca cannot recover attorney's fees under the Family Code, *see* TEX. FAM. CODE ANN. § 231.211; *In re Naylor*, 160 S.W.3d at 295; *O'Quinn*, 938 S.W.2d at 543, or the UDJA, *see Jackson*, 351 S.W.3d at 301; *John G. & Marie Stella Kenedy Mem'l Found.*, 90 S.W.3d at 289.

We turn to Blanca's remaining basis for attorney's fees: sanctions.

## C.    Attorney's Fees as Sanctions

### 1.    OAG's Argument

On appeal, OAG does not assert it is immune from sanctions but instead argues the trial court failed to comply with the mandatory provisions of the applicable sanctions rule.  *See* TEX. R. CIV. P. 13; *Parker v. Walton*, 233 S.W.3d 535, 539–40 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 852 (Tex. App.—Houston [14th Dist.] 1997, no writ).  It contends that Blanca's petition, the bench trial, and the trial court's declaratory judgment each addressed attorney's fees, and none addressed sanctions.  To support its point, it noted Blanca did not seek sanctions in her petition, it had no notice of any proposed sanctions against it, the trial court's declaratory judgment did not order sanctions, there was no separate written sanctions order, and there is no mention of sanctions in the trial court's order denying OAG's motion for new trial.

### 2.    Standard of Review

We review the imposition of sanctions under Rule 13 for an abuse of discretion.  *Nath v. Tex. Children's Hosp.*, No. 12-0620, 2014 WL 4252269, at *3 (Tex. Feb. 5, 2014) (citing *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007)).  A trial court abuses its discretion if it fails to properly interpret and apply the law.  *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009) (orig. proceeding); *Jorgensen v. Tex. MedClinic*, 327 S.W.3d 285, 287 (Tex. App.—San Antonio 2010, no pet.).

### 3.    Hearing on OAG's Motion for New Trial

During the hearing on OAG's motion for new trial, Blanca argued the trial court could assess attorney's fees as sanctions under *In re A.C.B.*  *See In re A.C.B.*, 103 S.W.3d 570, 575–76 (Tex. App.—San Antonio 2003, orig. proceeding) (awarding sanctions against OAG in a Title IV-D case).  The trial court agreed and, citing *In re A.C.B.*, stated "I think it allows me to assess

attorney's fees" against OAG and "I'm going to use that case for grounds for being able to do it."

Referring to OAG's argument that the trial court's written declaratory judgment awarded attorney's fees and not sanctions, the trial court stated "if I did not specifically say it was a sanction on the record before, I should have."  Relying on *In re A.C.B.*, the trial court denied OAG's motion. *See In re A.C.B.*, 103 S.W.3d at 575–76.

We begin by examining the basis *In re A.C.B.* used to award sanctions against OAG.[2]

### 4.    *Texas Rule of Civil Procedure 13*

In *In re A.C.B.*, this court affirmed sanctions against OAG in a Title IV-D case based on OAG's violation of Rule 13.  *In re A.C.B.*, 103 S.W.3d at 575–76.  Rule 13 reads in relevant part as follows:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . .  If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *after notice and hearing*, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.
>
> Courts shall presume that pleadings, motions, and other papers are filed in good faith.  No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order.

TEX. R. CIV. P. 13 (emphasis added) (footnote omitted).

We must determine whether the trial court properly interpreted and applied Rule 13 and the applicable law.  *See Bradt v. Sebek*, 14 S.W.3d 756, 762 (Tex. App.—Houston [1st Dist.] 2000,

---

[2] The declaratory judgment does not order sanctions; it awards attorney's fees based on "good cause."  In the hearing on OAG's motion for new trial, the trial court expressly stated it was ordering attorney's fees under *In re A.C.B.*; *In re A.C.B.* affirmed sanctions under Rule 13.  *See In re A.C.B.*, 103 S.W.3d 570, 575–76 (Tex. App.—San Antonio 2003, orig. proceeding).  Thus, like *Baty* and *Metzger*, "we limit our review to determining whether the sanctions meet the requirements of Rule 13."  *Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 852 (Tex. App.—Houston [14th Dist.] 1997, no writ); *accord Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam) (citing approvingly *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("When an order of sanctions refers to one specific rule, either by citing the rule, tracking its language, or both, we are confined to determining whether the sanctions are appropriate under that particular rule.")).

pet. denied) ("[W]e note that rule interpretation is 'a pure question of law over which the judge has no discretion.'" (quoting *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex. 1997))); *see also Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam) (noting that appellate courts must "examine[] the entire record . . . to determine whether the trial court properly [ordered] sanction[s]").

### 5.   *Notice and Hearing Requirements*

The trial court's power to impose sanctions under Rule 13 is subject to due process requirements. *Nath v. Tex. Children's Hosp.*, No. 12-0620, 2014 WL 4252269, at *6 (Tex. Feb. 5, 2014) (applying due process requirements to Rule 13 sanctions); *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (orig. proceeding) (applying due process requirements to court-imposed sanctions). Rule 13 requires the trial court to give notice to the party or attorney who may be sanctioned and hold an evidentiary hearing on the question. TEX. R. CIV. P. 13; *Parker v. Walton*, 233 S.W.3d 535, 539–40 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 852 (Tex. App.—Houston [14th Dist.] 1997, no writ); *see In re L.A.M. & Assocs.*, 975 S.W.2d 80, 83 (Tex. App.—San Antonio 1998, no pet.). The potential sanctionee must have notice of the complaint and an opportunity to respond. *In re Bennett*, 960 S.W.2d at 40; *Baty*, 946 S.W.2d at 852.

### 6.   *No Notice*

Here, the record does not show that either Blanca or the trial court gave OAG notice of possible Rule 13 sanctions. Blanca did not move for sanctions in her petition or by separate motion. *Contra* TEX. R. CIV. P. 13; *In re A.C.B.*, 103 S.W.3d at 573 (noting the plaintiff sought sanctions in his motion for declaratory judgment). The trial court did not give OAG notice that it intended to address sanctions sua sponte. *Contra* TEX. R. CIV. P. 13; *In re Bennett*, 960 S.W.2d at 40 (relating the trial court, acting sua sponte, set a hearing on sanctions and ordered defendant to

show cause why sanctions should not be imposed); *Baty*, 946 S.W.2d at 853 (concluding trial court abused its discretion because it "spontaneously ordered sanctions on its own motion at the conclusion of the hearing, without providing either notice or a hearing to appellants").

At the hearing on its motion for new trial, OAG protested to the trial court that Blanca's petition, the arguments during the bench trial, and the trial court's declaratory judgment were about attorney's fees, not sanctions, but the trial court orally stated its intention to award the attorney's fees as a sanction. *Contra* TEX. R. CIV. P. 13; *Baty*, 946 S.W.2d at 853.

### 7.     *Failure to Comply with Rule, Due Process Requirements*

Under Rule 13, the trial court could not impose sanctions without, inter alia, prior notice. *See* TEX. R. CIV. P. 13; *Nath*, 2014 WL 4252269, at *6. The record shows OAG did not have prior notice of possible sanctions before the hearing on its motion for new trial. Blanca contends OAG had many months' notice of her declaratory judgment action, but her petition did not seek sanctions. Further, the trial court did not either issue a show cause order or set a hearing on sanctions. *Contra Parker*, 233 S.W.3d at 539–40; *Baty*, 946 S.W.2d at 852; *see In re L.A.M. & Assocs.*, 975 S.W.2d 80, 83 (Tex. App.—San Antonio 1998, no pet.).

Because the trial court relied on Rule 13 but failed to comply with its requirement for prior notice, we conclude the trial court failed to properly apply the law. *See Parker*, 233 S.W.3d at 539–40; *Baty*, 946 S.W.2d at 852.

### 8.     *Particulars of Good Cause*

The Rule also requires the trial court to state in the sanction order the "particulars" of good cause it found to impose sanctions. TEX. R. CIV. P. 13; *Bradt v. Sebek*, 14 S.W.3d 756, 761 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *Murphy v. Friendswood Dev. Co.*, 965 S.W.2d 708, 710 (Tex. App.—Houston [1st Dist.] 1998, no pet.). If no particulars are stated in the sanction

order, postjudgment findings of fact that are supported by the record may satisfy the particulars requirement. *In re A.C.B.*, 103 S.W.3d at 576.

Here, the record shows no written sanction order, no written order we may construe as a sanction order, and no findings of fact to support a sanction order. *Contra* TEX. R. CIV. P. 13; *Murphy*, 965 S.W.2d at 710.

The declaratory judgment signed by the trial court merely states "good cause exists to award BLANCA DE LEON, Petitioner judgment in the amount of three thousand eight hundred [dollars] ($3,800.00) for attorney's fees, expenses, and costs." The judgment does not state that any party moved for sanctions; it also does not state that the trial court considered evidence on sanctions, found any facts supporting sanctions, or ordered sanctions. In fact, the word sanction does not appear in the judgment, and the court did not issue postjudgment findings of fact of any kind. *Contra In re A.C.B.*, 103 S.W.3d at 576. Likewise, the trial court's order denying OAG's motion does not mention, discuss, or order sanctions. *Contra id.*

The only mention of sanctions by the trial court came after it denied OAG's motion. *Cf. Cherry Petersen Landry Albert LLP v. Cruz*, 443 S.W.3d 441, 455 (Tex. App.—Dallas 2014, pet. filed) ("The sanctions order contained many conclusions about [sanctionee's conduct], but did not include facts to justify those conclusions."). In its single sentence comment the trial court stated "And if I did not specifically say it was a sanction on the record before, I should have."

Because the trial court failed to comply with Rule 13's requirement to state particular facts evidencing good cause, the trial court did not properly apply the law. *See Murphy*, 965 S.W.2d at 709–10; *cf. In re A.C.B.*, 103 S.W.3d at 576 (affirming sanctions order supported by postjudgment findings of fact).

**ISSUES TWO, THREE**

In its second issue, OAG argued the trial court had no authority to award attorney's fees against it because the legislature has not waived its sovereign immunity under these facts.

In its third issue, OAG argued the trial court erred because, by statutory constraint, OAG could not pay the judgment for attorney's fees within ten days of the judgment date as ordered.

Because we have already concluded the trial court had no authority to award attorney's fees as it did, we need not address OAG's second and third issues.

**CONCLUSION**

Although Blanca sought, and the trial court awarded, attorney's fees under the UDJA, all the relief Blanca requested was available under the Family Code, and the Code expressly prohibits the trial court from awarding attorney's fees against OAG in a Title IV-D case. Thus, Blanca could not use the UDJA to circumvent the Family Code's prohibition on attorney's fees.

Because OAG had no notice of sanctions and the trial court failed to state any facts supporting good cause to impose sanctions, the trial court could not award attorney's fees as sanctions against OAG under Rule 13.

Therefore, because the trial court abused its discretion by failing to properly apply the law, we reverse the trial court's judgment and render judgment that Blanca take nothing on her claim for attorney's fees.

Patricia O. Alvarez, Justice