**In the Interest of C.M.V. and D.A.V., Children.**

No. 04–03–00209–CV.

Court of Appeals of Texas, San Antonio.

March 31, 2004.

Michael D. Robbins, San Antonio, for appellant.

Diana E. Garcia, Sylvia A. Carrizales, Assistant Attorney General, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Attorney Lisa S. Dossmann ("Dossmann") brings this appeal from a final judgment that dismissed her clients' intervention and original custody suit and sanctioned her for having filed the pleadings. We reverse the part of the judgment awarding sanctions.

### FACTUAL AND PROCEDURAL BACKGROUND

Yvonne Valenzuela ("Mother") and Abel Valenzuela ("Father") were divorced in 1992 and the mother was appointed sole managing conservator of their two sons, Christopher and David. Ten years later, in 2002, the father filed a motion to modify custody seeking to be named sole managing conservator of the boys.

A hearing on the father's motion to modify seeking temporary orders was held on April 11, 2002. The mother failed to make an appearance. Both maternal grandparents, however, did appear at the hearing, having filed a petition in intervention that morning seeking managing conservator-

ship of both boys. The intervention petition stated, "the parents of the children have voluntarily relinquished possession and control of the children to Intervenor [sic] for a period of one year or more, a portion of which was within ninety days preceding the date of intervention." The intervention was supported by affidavits of both grandparents and contained a choice of managing conservators naming the grandparents, signed on April 4, 2002, by the oldest child, Christopher.

The Honorable Judge Andy Mireles, presiding judge of the 73rd Judicial District Court of Bexar County, Texas, conducted the April 11, 2002 hearing. The grandparents' attorney, Dossmann, admitted that the intervention on behalf of the grandparents had only been filed that morning and that the mother of the children had not been given adequate notice. During the hearing the court explained that, as grandparents, Dossmann's clients only had the right to access, not custody. The court stated the law is clearly defined; the children go to their father, as opposed to their grandparents, "unless they're being beaten or something." The court also informed Dossmann that possession by the father, as opposed to the grandparents, was "automatic" unless the mother defaults or contests custody. Dossmann cited the court to section 153.373 of the Texas Family Code, regarding voluntary surrender of possession by a parent, and the court responded that the father "can do anything he wants by agreement. If it is not by agreement, he has priority." Dossmann then advised the court that Christopher "was thrown out of the father's home." The court reiterated its belief that the grandparents had no right to custody. At one point in the hearing, Dossmann acknowledged that parents have superior rights to grandparents, and that her clients' chance of getting custody was not good. After the

hearing, the trial court signed temporary orders appointing the father as the sole managing conservator of the children. The temporary orders further found that the intervention on behalf of the grandparents was not timely filed and that the grandparents had no right to be named conservators.

On May 31, 2002, Dossmann filed an original petition in a suit affecting the parent-child relationship on behalf of the grandparents seeking joint managing conservatorship of Christopher only. The petition contained a choice of managing conservator signed by the child on April 15, 2002. The father filed a response to the grandparents' original petition and also moved for sanctions. On June 26, 2002, the trial court signed final orders which consolidated the two cases under the 1992 cause number, appointed the father sole managing conservator of both children, and appointed the mother and maternal grandparents as joint possessory conservators with the right of visitation. The pending motion for sanctions was scheduled for hearing at a later date.

On November 8, 2002, the motion for sanctions was heard by the Honorable John D. Gabriel, Jr. The only evidence considered by the trial court was a partial transcript of the earlier April 11, 2002 hearing where Dossmann was advised by that trial judge that the grandparents' intervention seeking custody would be automatically denied, absent extenuating circumstances. Dossmann responded by stating her reasons for believing her clients had standing to seek custody of the children and that she had discussed the case with four other attorneys, including one board-certified family law attorney, before she filed the original petition. After hearing arguments and reviewing the partial transcript of the April 11, 2002 hearing, Judge Gabriel awarded sanctions

in the amount of $1,250.00 against Dossmann. The sanction order is not detailed in its particulars, but states only that Dossmann's actions in filing a "countersuit" and an original petition are sanctionable. In its findings of fact and conclusions of law, the trial court finds that Dossmann's pleadings had "no basis in law" and therefore, were groundless, brought in bad faith, and for the purpose of harassment. Dossmann appeals only the trial court's order granting sanctions, not the underlying custody judgment.

### ANALYSIS

■■■ The trial court's order does not specify the rule it relied upon in sanctioning Dossmann. The father, however, argues on appeal that the sanctions were proper under Rule 13 of the Texas Rules of Civil Procedure. *See* Tex.R. Civ. P. 13. Dossmann may be sanctioned under Rule 13 if the trial court finds the pleading, motion, or other paper she filed on behalf of her clients was: 1) groundless and brought in bad faith; or 2) groundless and brought for the purpose of harassment. *GTE Communications Systems Corp. v. Tanner,* 856 S.W.2d 725, 730 (Tex.1993). "Groundless" for purposes of this rule means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. *See* Tex.R. Civ. P. 13. The trial court must use an objective standard in determining whether a pleading is groundless. *In Re United Services Automobile Association,* 76 S.W.3d 112, 116 (Tex.App.-San Antonio 2002, no pet.). Did the attorney make a reasonable inquiry into: 1) the factual and legal basis of the claim; or 2) have a good faith argument for the extension, modification or reversal of existing law at the time the pleading was filed? *Id.* Courts must presume a pleading is filed in good faith and the party seeking sanctions has the burden of over-coming this presumption. *GTE Communications,* 856 S.W.2d at 730.

■■■ Because the trial court specified that Dossmann's pleading had no basis in law, we must consider whether Dossmann was precluded, as a matter of law, from filing a custody action on behalf of her clients, the grandparents. We apply an abuse of discretion standard when reviewing a trial court's order on sanctions. *In re A.C.B.,* 103 S.W.3d 570, 575 (Tex.App.-San Antonio 2003, no pet.). The test for determining whether a trial court abused its discretion is whether it acted without reference to any guiding rule or principle; in other words, whether the action was arbitrary or unreasonable. *Id.* This standard, however, has different applications in different settings. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). With respect to legal issues, the trial court has no "discretion" in determining the law or applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.* at 839–40.

■■■ The father makes two arguments that the grandparents have no legal basis for filing pleadings that seek custody of their grandchildren. The father's first argument is that the grandparents lack standing to seek custody. To establish standing, the pleader is required to allege facts affirmatively establishing the trial court's jurisdiction to hear the cause. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993) (standing is a component of subject matter jurisdiction). Because Dossmann's pleadings were never directly challenged in the trial court below, she never had the opportunity to cure a claimed pleading defect. *See* Tex.R. Civ. P. 80. Therefore, we construe Dossmann's pleadings in her favor, and if necessary, review the entire record to de-

termine if any evidence supports standing. *Texas Ass'n of Bus.*, 852 S.W.2d at 446.

▅▅▅ The father maintains that the mother, who was appointed the sole managing conservator in their 1992 divorce, voluntarily relinquished custody and control of the boys to him in December of 2001, through a written power of attorney. Therefore, the grandparents had no standing pursuant to section 156.006 of the Texas Family Code to file an intervention in his March 2002 modification suit, nor did they have standing to file an original suit under any other provision of the Family Code. *See* TEX. FAM.CODE ANN. § 156.006 (Vernon 2002). This argument fails for several reasons. First, Texas Family Code section 156.006 addresses the type of temporary orders that can be entered in a modification action, not who has standing. *Id.* Instead, section 156.002 of the Texas Family Code sets forth who can file a suit for modification, which includes "a party affected by an order" and "a person" under section 102 of the Family Code. *See* TEX. FAM.CODE ANN. §§ 102.003(a)(9), 156.002 (Vernon 2002). Texas Family Code section 102.003(a)(9), in turn, grants standing to "a person, other than a foster parent, who has had actual care, control and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition" to file an original suit. TEX. FAM.CODE ANN. § 102.003(a)(9). For purposes of calculating standing, the six months' possession need not be continuous and uninterrupted. *Doncer v. Dickerson*, 81 S.W.3d 349, 362 (Tex.App.-El Paso 2002, no pet.).

Turning to the record before us, the father's petition for modification claims that the mother's address is unknown, but that she could be served through substituted service on the maternal grandmother, Irene De La Vega. In addition, the father's affidavit filed in support of his modification suit admits that the children had lived with their grandmother at various times since 1997, and that the oldest child, Christopher, was still living with her. The grandparents' petition in intervention alleges "the parents of the children have voluntarily relinquished possession and control of the children to (the grandparents) for a period of one year or more, a portion of which was within ninety days preceding the date of intervention." Similarly, the grandparents' affidavits filed in support of their pleadings assert both grandchildren had lived with them on and off for years.

Here the parties' own pleadings and affidavits affirmatively demonstrate the grandparents would qualify "as persons"[2] having actual possession and control of both children for more than six months including up to the date the pleadings were filed as to Christopher. Accordingly, Dossmann's pleadings on behalf of her clients affirmatively set forth facts demonstrating the trial court's jurisdiction to hear both the intervention and the original suit. *See* TEX. FAM.CODE ANN. §§ 102.003(a)(9), 156.002.

The father's second argument is that *Troxel v. Granville* precludes the grandparents from seeking custody. *See Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054,

---

**2.** We recognize that § 102.004 of the Texas Family Code specifically addresses standing for grandparents. The father, however, cites no authority and we have found no cases that hold a grandparent could not also qualify as "a person" for purposes of standing under § 102.003(a)(9). Accordingly, Dossmann had at least a good faith argument that her clients did have standing at the time she filed her pleadings. *Cf. Doncer v. Dickerson*, 81 S.W.3d 349, 358 (Tex.App.-El Paso 2002, no pet.)(stepmother seeking possessory conservatorship of deceased husband's son qualified as a person for purposes of standing under Texas Family Code § 102.003(a)(11)).

147 L.Ed.2d 49 (2000). Again, we disagree. *Troxel* dealt with a Washington state statute that permitted "any person" to petition for visitation "at any time" and allowed the trial court to grant visitation whenever "visitation may serve the best interest of the child." *Id.* at 61, 120 S.Ct. 2054. In *Troxel,* the United States Supreme Court reaffirmed the constitutional dimension of a parent's right to direct the upbringing, care, and custody of their own child. *Id.* at 65, 120 S.Ct. 2054. A plurality of the Court found in favor of the mother against the grandparents because, as applied to the particular facts of that case, the Washington statute unconstitutionally infringed upon the mother's right to make decisions concerning her children. *Id.* at 68–69, 120 S.Ct. 2054.

We first note that *Troxel* involves an overly broad Washington visitation statute and not a custody or modification action. Therefore, it can readily be distinguished from the case at issue before us. For purposes of Rule 13, a pleading is not groundless if a reasonable attorney could make a good faith argument for the extension, modification or reversal of existing law. *See* Tex.R. Civ. P. 13. Certainly, Dossmann could, in good faith, distinguish *Troxel* as not involving a custody challenge under a narrowly drawn Texas statute. In addition, contrary to the trial court's admonishment, at least one appellate court does not interpret *Troxel* as precluding a custody suit by grandparents absent a showing of the parent's unfitness or harm to the child. *See In re M.N.G,* 113 S.W.3d 27, 35 (Tex.App.-Ft. Worth 2003, no pet.) (trial court improperly placed burden on grandmother to show unfitness of father or harm to child in modification action); *See also In Re Pensom,* 126 S.W.3d 251 (Tex. App.-San Antonio 2003, no pet. h.) (Texas grandparent access statute is facially constitutional after *Troxel* when construed narrowly). Although the grandparents did not ultimately prevail in their custody suit, we cannot say that, as a matter of law, Dossmann's clients had no basis to assert a custody action after *Troxel.* Furthermore, Rule 13 does not permit sanctions for every pleading that is ultimately denied. *GTE Communications,* 856 S.W.2d at 731. Accordingly, we conclude that Dossmann is entitled to have the trial court's sanction order set aside.

We reverse the part of the judgment awarding sanctions. In all other respects, we affirm the trial court's judgment.