**Majority and Dissenting Opinions of May 16, 2019 Withdrawn; Affirmed in Part, Reversed in Part and Remanded; Motion to Strike Denied; Motion for En Banc Reconsideration Denied as Moot; and Majority and Dissenting Opinions filed July 30, 2019.**



**In the**

# Fourteenth Court of Appeals

---

## NO. 14-17-00938-CV

---

## IN THE INTEREST OF D.Z., A MINOR CHILD

---

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2010-45577**

---

### MAJORITY OPINION

We issued our original majority and dissenting opinions in this case on May 16, 2019. Appellant Tong Zhang (Father) filed a motion for en banc reconsideration. Appellee Yi Ren (Mother) filed a response. While Father's motion was pending, the Supreme Court of Texas issued *Nath v. Texas Children's Hospital*, No. 17-0110, 2019 WL 2553538, at *1–*2 (Tex. June 21, 2019) (per curiam), which abrogated this court's precedent, *Allied Associates, Inc. v. INA County Mutual Insurance Cos.*,

803 S.W.2d 799, 799 (Tex. App.—Houston [14th Dist.] 1991, no writ). In our original majority opinion, we relied in part on *Allied Associates* to overrule one of Father's issues. On our own motion, we therefore withdraw our previous majority and dissenting opinions, vacate our previous judgment, and issue new majority and dissenting opinions, and a new judgment. We deny Father's motion for en banc reconsideration as moot.

Father appeals from a final order in a suit to modify a parent-child relationship. His appeal involves: (1) whether the trial court abused its discretion in awarding Mother attorney's fees of $10,000 and (2) whether the trial court erred in characterizing amicus attorney's fees as additional child support subject to income withholding. Mother filed a motion to strike portions of Father's reply brief, which we took with the case. We deny Mother's motion. However, we conclude Mother's attorney's-fee sanction award was not supported by legally-sufficient evidence. Therefore, we reverse that portion of the trial court's judgment, and remand the case to the trial court in the interest of justice for further proceedings limited to Mother's attorney's-fee sanction claim. We otherwise affirm the judgment as challenged on appeal.

## I. BACKGROUND

*Original divorce decree.* Mother and Father, parents of D.Z., are divorced. The agreed final divorce decree, signed November 1, 2010, ordered that Mother and Father have joint-managing conservatorship of D.Z. and that Mother has the exclusive right to determine D.Z.'s primary residence within Harris County. The final decree also ordered that Father pay Mother $300 a month in child support and that Mother continue to provide D.Z. with health insurance under a government medical assistance program.

*Modification suit.* In 2015, the Office of the Attorney General filed a suit for

2

modification of child-support order pursuant to Family Code chapter 231. Mother and Father each answered. In September 2015, Father filed a petition to modify the parent-child relationship, in which he requested sole-managing conservatorship or alternatively joint-managing conservatorship with the exclusive right to determine D.Z.'s primary residence, and child support from Mother. Father alleged that Mother's numerous moves and changes in childcare were not in D.Z.'s best interest and that D.Z.'s stepfather (Mother's husband) had emotionally abused D.Z. Mother filed a counterpetition to modify, in which she requested increased and retroactive child support. Mother also requested that because D.Z. was no longer eligible for government medical assistance, Father provide D.Z. with health insurance or reimburse Mother for the cost of coverage. Both Father and Mother requested reasonable attorney's fees.

*Discovery motions.* In 2016, Mother filed a motion to compel discovery and for sanctions, including reasonable attorney's fees. Mother later filed a second motion to compel discovery and for sanctions, including reasonable attorney's fees. In 2017, the trial court signed an order compelling Father to produce his tax returns and business-related documents. Mother, pro se,[1] filed a third motion to compel discovery and for sanctions. Mother requested that Father pay the reasonable amicus attorney's fees related to this motion. Mother also filed a motion for contempt, alleging that Father failed to comply with the trial court's production order.

*Amicus attorney.* In 2016, the trial court appointed Amy Lacy as amicus attorney. Lacy appeared and requested that Mother and Father pay her reasonable and necessary amicus attorney's fees. In 2017, Lacy filed a motion for payment of fees and additional deposit to secure her fees. Mother filed a response in which she

---

[1] In January 2017, Mother's counsel Lacey Richmond withdrew from the case. After that, Mother proceeded pro se.

requested that Father solely pay for Lacy's appearance at a hearing at which Father and his counsel did not appear. In June 2017, the trial court signed an order that Mother and Father each pay $1,220.20 in outstanding fees to Lacy. The trial court also signed an order in July 2017 that Mother and Father each pay $10,000 as a deposit to Lacy for her additional fees.

*Motions for continuance.* Discovery in the case closed August 18, 2017. The final hearing was set for September 18, 2017. Due to Hurricane Harvey, the hearing was reset for October 16, 2017.

On October 6, 2017, Father filed a first motion for continuance. Xenos Yuen and David Mullican of Siegel, Yuen & Honoré, P.L.L.C. were listed as Father's counsel on the motion. Mullican submitted an affidavit concerning the effects of Hurricane Harvey on the firm. Mother filed objections, arguing that Father did not show good cause for a continuance when he did not respond to discovery requests and failed to comply with the trial court's order compelling discovery. Mother requested "sanctions for filing [a] groundless and frivolous motion for a purpose of delay." The trial court held a hearing on October 18; and Mother, Mullican, and Lacy appeared. There was a discussion regarding how many and which attorneys were representing Father in the case.[2] Mullican did not know whether he would be the attorney trying the case. The trial court denied Father's motion and set trial for October 30. The trial court ordered that Father's counsel Yuen appear at the pretrial

---

[2] The record reflects that seven attorneys affiliated with Yuen's firm appeared in the case. Davina Wittick filed Father's original petition to modify and answer to Mother's counterpetition. Yuen and Mullican together filed Father's first amended petition. Yuen filed Father's answer to the Attorney General's petition and Father's second amended (live) petition to modify. Mullican filed Father's amended emergency motion for continuance and motion to dismiss (nonsuit) Father's petition. Andrew Gass filed a notice of co-counsel; Kelley Austin filed an entry of appearance; and Eric Gruetzner filed a designation of lead counsel. Victoria Sanchez approved the form of and signed the final order.

conference on October 26 and that Father file a designation of lead counsel by October 25.

On October 24, 2017, Father filed an amended emergency motion for continuance, requesting at least four additional months to substitute another attorney. Mullican submitted an affidavit regarding his health issues. Mother again filed objections, arguing that Father's motion was filed purely for delay and that she would suffer prejudice. Mother alleged that "this frivolous lawsuit and [Father]'s violations of discovery rules caused [Mother] $40,000 financial damages" and requested that he pay her attorney's fees. The trial court held a hearing on October 26. Mother, Mullican, and Lacy appeared. Yuen, however, failed to appear. Mullican acknowledged that Father did not file the court-ordered designation of lead attorney. The trial court noted that Mullican's firm "effectively is spitting in my face by not following orders to designate a lead counsel." The trial court denied Father's motion.

*Partial nonsuit and bench trial.* On October 30, 2017, Father nonsuited his petition to modify. That same day, the bench trial on Mother's counterpetition took place.[3] Mullican appeared to represent Father.[4] The trial court took judicial notice of the file in the case. Mother provided testimony regarding her requests for increased child support from Father based on the guidelines and that Father cover D.Z.'s health insurance.

Mother also requested that she be reimbursed for a portion of what she paid her attorney. Mother stated that she paid her attorney a total of $23,167. Mother testified that her attorney charged Mother $4,292 to file discovery motions "because [Father]'s attorney failed to comply with the discovery rules and abused the

---

[3] The Office of the Attorney General did not appear at the hearing.

[4] Father did not attend the hearing.

discovery process including but not limited to failed to appear at a hearing, late at [sic] a hearing, and failed to respond to discovery requests in a timely manner." Mother also testified that her attorney "listed that there are $7,306 fees to defen[d] [Father]'s claims"; Mother stated that "[Father]'s claims are frivolous and do not constitute . . . any claim of modification of conservatorship." Mother stated that Father failed to produce "any direct or circumstantial evidence to prove the existence of child abuse." Mother further stated that she had never discussed any child abuse with Father. Mother testified that all her residential moves were before 2014 and within Harris County, and that D.Z. had attended the same school since August 2014. Mother testified that Father admitted in his deposition that staying "at the same school for two years shows [D.Z.] stability." Mother pointed out that it was Father who moved "recently." Mother further requested that the trial court "avert [her] amicus attorneys' fees."

Mother and Father stipulated to Lacy's qualifications. Lacy offered her invoice without objection, and the trial court admitted it. Lacy testified that she believed her fees were reasonable and necessary to carry out her duties as amicus attorney. Lacy requested that the trial court award her attorney's fees of $26,108.10, with outstanding fees of $13,068.10. Lacy requested that the fees be deemed child support and asked for wage withholding.

After consideration, the trial court found there had been a material change in circumstances. The trial court granted Mother increased child support of $768.77, retroactive to October 2015. The trial court ordered Father to provide health insurance for D.Z. as additional child support. The trial court found "good cause to award attorneys' fees and amicus fees in this case." The trial court awarded Mother partial attorney's fees of $10,000; "the ten thousand-dollar attorney fee judgment" was a "standard judgment" that would "accrue interest at 5 percent per annum as it

is not in the nature of child support." The trial court "affirmatively f[ound] that the amicus fees are in the nature of child support" and the deficiency judgment would accrue "interest at a rate [of] six percent per annum as set forth in the Texas Family Code."[5] The trial court allocated Lacy's fees of $26,108.10: 75 percent to Father ($19,581.08) and 25 percent to Mother ($6,527.03) "based on the facts and circumstances in this case and the conduct of the parties."

On November 22, 2017, the trial court signed its final order. *See infra* note 13. Regarding amicus attorney's fees, the trial court stated that it "approves said fees as additional child support and finds that the fees are reasonable and necessary for the benefit of the child." The trial court awarded Lacy a judgment against Father in the amount of $3,667.70 for amicus attorney's fees. The trial court further awarded Mother a judgment against Father in the amount of $9,693.17 for amicus attorney's fees. Regarding attorney's fees, the trial court stated that it "finds good cause exists to award [Mother] attorney's fees" of $10,000. That same day, the trial court signed its income withholding order, which ordered Father's employer to deduct child support ($768.77/month), past-due child support ($200/month), and additional child support ($200/month) from Father's paycheck.

Father did not request findings of fact and conclusions of law or file a motion for new trial. Father timely appealed. After Father filed his reply brief, Mother objected to and moved to strike two argument sections. We carried Mother's motion to strike with the case.

## II.   ANALYSIS

## A. Motion to strike

Initially, we consider Mother's motion to strike the new issues and arguments

---

[5] *See* Tex. Fam. Code Ann. § 157.265.

of Father's reply brief. Specifically, Mother requests that we strike these two sections: (1) "[t]he trial court had no statutory authority to award attorney['s] fees to [Mother] regardless whether [Father] raised objections to [Mother]'s pleading deficiencies" and (2) "[t]he trial court could not categorize the attorney['s] fee award as a sanction without statutory authority and without [Mother] meeting her burden of proof." Mother essentially argues that this court should not consider these sections because Father did not raise them in his opening brief and they prejudice her. However, an appellant may file a reply brief addressing any matter in the appellee's brief, such as waiver. *See* Tex. R. App. P. 38.3. Moreover, Father raised the lack of evidence to support the attorney's-fee award in his opening brief. We therefore decline to strike the challenged portions.

## B. Attorney's fees

In his first issue, Father argues that the trial court "abuse[d] its discretion in awarding attorney's fees of $10,000 for [Mother]'s previous representation in a suit to modify the parent-child relationship."

Father first complains that Mother's counterpetition only included a general request for attorney's fees to be paid to her attorney; "there were no pleadings referencing [Family Code section 106.002] for the recovery of attorney's fees." *See* Tex. Fam. Code Ann. § 106.002 (court may render judgment for reasonable attorney's fees and expenses in suit affecting parent-child relationship). Although Father contends that his "counsel raised several objections to [Mother]'s request for attorney's fees,"[6] the record does not reflect that Father objected to the award of attorney's fees in the trial court based on Mother's failure to plead any specific

---

[6] At trial, when Mother was testifying regarding the $4,292 and $7,306 amounts she had incurred in attorney's fees, Father's counsel objected based on "improper characterization." The trial court overruled this objection. Father's counsel then started to make but withdrew another objection. Father has not challenged the admission of this evidence on appeal.

statutory basis for the award. Therefore, Father has not preserved this complaint. *See* Tex. R. App. P. 33.1(a); *Tex. Ear Nose & Throat Consultants, PLLC v. Jones*, 470 S.W.3d 67, 86–87 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (appellants did not preserve issue of pleading deficiency regarding basis for attorney's fees in trial court). In his reply brief, Father argues that whether he "raised objections to the deficiencies of [Mother]'s pleadings is immaterial because the trial court did not have a statutory basis to award attorney's fees." However, because Father did not raise the argument that the trial court lacked a statutory basis for its attorney's-fee award in the trial court, he also has waived this argument. *See* Tex. R. App. P. 33.1(a); *Gipson-Jelks v. Gipson*, 468 S.W.3d 600, 604 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (appellant did not preserve complaint regarding trial court's lack of statutory or contractual basis for attorney's-fee award in trial court).

Father also asserts (without explanation) that Mother "failed to segregate attorney's fees between claims for which attorney['s] fees are recoverable and claims for which they are not." However, the record does not reflect that Father ever raised any objection in the trial court based on lack of segregation of Mother's attorney's fees. Father likewise did not preserve this complaint. *See* Tex. R. App. P. 33.1(a); *Home Comfortable Supplies, Inc. v. Cooper*, 544 S.W.3d 899, 908–10 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (explaining that party must preserve fee-segregation complaint in bench trial).

In addition, Father argues Mother did not "offer any evidence to support her claim for an attorney fee award for her Counter-Petition to Modify the Parent Child relationship" and "offered no evidence to prove . . . that the fees sought were reasonable and necessary for the prosecution of the suit." Father may raise this insufficiency-of-the-evidence argument for the first time on appeal. *See* Tex. R. Civ. P. 324(a), (b); Tex. R. App. P. 33.1(d); *In re Q.D.T.*, No. 14-09-00696-CV, 2010

9

WL 4366125, at *9 (Tex. App.—Houston [14th Dist.] Nov. 4, 2010, no pet.). Father points out that he objected to, and the trial court did not admit, the affidavit from Mother's previous counsel concerning her fees. He also argues Mother did not show that her previous counsel's fees were reasonable and necessary pursuant to the factors outlined in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818–19 (Tex. 1997).

Mother responds that she was not required to prove the reasonableness and necessity of her attorney's fees because they were assessed as a sanction. While this was the state of the law when our original majority opinion issued, the Supreme Court of Texas recently explained that the evidentiary standard of proof is the same for attorney's fees awarded as a fee-shifting sanction. *See Nath*, 2019 WL 2553538, at *2–*3 ("Although this case deals with attorney's fees awarded through a sanctions order, the distinction is immaterial because all fee-shifting situations require reasonableness."). In doing so, the *Nath* Court abrogated our precedent, *Allied Associates*, 803 S.W.2d at 799, which had held that proof of reasonableness was not required when attorney's fees were assessed as sanctions. The *Nath* Court explained that "[b]efore a court may exercise its discretion to shift attorney's fees as a sanction, there must be some evidence of reasonableness because without such proof a trial court cannot determine that the sanction is no more severe than necessary to fairly compensate the prevailing party." *See* 2019 WL 2553538, at *2 (internal quotation marks omitted). Therefore, whether awarded as a sanction or not, "[w]hen fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, No. 16-0006, 2019 WL 1873428, at *8 (Tex. Apr. 26, 2019). Generally, while contemporaneous billing records are not required, legally-sufficient evidence to establish a reasonable and

10

necessary fee needs to include a description of the particular services performed, the identity of each attorney who and approximately when that attorney performed the services, the reasonable amount of time required to perform the services, and the reasonable hourly rate for each attorney performing the services. *See id.* at *20, *22, *23. Further, "when a party seeks attorney's fees as sanctions, the burden is on that party to put forth some evidence of . . . how those fees resulted from or were caused by the sanctionable conduct." *See Nath*, 2019 WL 2553538, at *2.

Mother argues Father's presumption that the trial court awarded her attorney's fees based on section 106.002 was incorrect. According to Mother, trial courts have discretion to award sanctions based on Texas Rules of Civil Procedure 13, 18a(h),[7] 21b,[8] 166a(h),[9] and 215[10] and Civil Practice and Remedies Code chapters 9 and 10.[11] Mother also contends that trial courts have inherent power to sanction. Mother further argues that Family Code section 156.005 authorizes trial courts to tax attorney's fees as costs against the offending party in modification suits if the court finds that the suit was "filed frivolously or is designed to harass a party." *See* Tex. Fam. Code Ann. § 156.005. Mother contends that the trial court had more than a scintilla of evidence to award her attorney's fees based on Father's "numerous discovery violations" and Father's failure to support any of the allegations in his modification suit with sufficient evidence. Mother also asserts the trial court

---

[7] This rule governs sanctions in connection with a frivolous motion to recuse and disqualify a judge, which is not at issue here. *See* Tex. R. Civ. P. 18a(h).

[8] This rule governs sanctions for failure to serve or deliver a copy of a pleading or motion, which is not at issue here. *See* Tex. R. Civ. P. 21b.

[9] This rule governs sanctions for affidavits made in bad faith in the context of summary-judgment proceedings, which is not at issue here. *See* Tex. R. Civ. P. 166a(h).

[10] This rule governs sanctions in the context of discovery abuse. *See* Tex. R. Civ. P. 215.1–.6.

[11] Chapters 9 and 10 govern frivolous pleadings, claims, and motions, as well as sanctions for them. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 9.001–10.006.

reasonably could have found that Father's lawsuit was filed for the purpose of harassment.

In reply, Father asserts that "[t]he trial court did not award attorney's fees as a sanction in this case." We consider whether and conclude the record reflects that the trial court awarded Mother attorney's fees as a sanction rather than to prosecute her modification counterpetition. Mother filed three motions to compel discovery and for sanctions (two filed when she was represented and another while she was pro se), and a motion for contempt (pro se). The trial court twice ordered Father to produce discovery and twice denied Mother fees as a sanction. In her objection to Father's first motion for continuance, Mother requested that the trial court award her "sanctions for filing groundless and frivolous motion for a purpose of delay." Further, in her objections and response to Father's second motion for continuance, Mother alleged that Father's frivolous lawsuit and discovery abuse caused her financial damages and requested attorney's fees from him. The trial court denied both Father's motions for continuance. At the hearing, Mother again requested that she receive reimbursement for the attorney's fees she paid to her previous attorney based on Father's failures to comply with discovery rules and because his modification claim was frivolous and not based on any evidence.[12] Father's counsel cross-examined Mother about her attorney's fees, Father's discovery abuse, and Father's claim of child abuse.

At the hearing, the trial court stated that it found "good cause" to award partial

---

[12] Father suggests that Mother's "oral request" at trial for attorney's fees came too late because it "related to a case *already dismissed and not before the court at trial*." However, in her response to Father's second motion for continuance, Mother alleged that Father's frivolous lawsuit and discovery abuse caused her financial damages and requested attorney's fees. We conclude that Mother requested "frivolous lawsuit" sanctions against Father prior to the nonsuit. *See CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (per curiam).

attorney's fees to Mother in the amount of $10,000 at five-percent interest.[13] In its final order, in a separate section entitled, "Attorney's Fees," the trial court awarded Mother $10,000 of her previous counsel's attorney's fees at five-percent interest against Father because "good cause exists to award [Mother] attorney's fees." Although the order does not specifically cite any basis for its attorney's-fee award, its "good cause" language tracks the language of rule 13 in part. Therefore, we review whether the award meets the requirements of a rule 13 sanction. *See Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 852 (Tex. App.—Houston [14th Dist.] 1997, no writ).

> Texas Rule of Civil Procedure 13 provides, in pertinent part:
>
> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.

Tex. R. Civ. P. 13. Courts shall presume that pleadings, motions, and other papers are filed in good faith. *Id.* "No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." *Id.*

---

[13] At the hearing, the trial court stated that it found "good cause to award attorneys' fees and amicus fees in this case." The trial court at the hearing specified that the amicus fees were in the nature of child support with a six-percent interest rate under the Family Code, while the attorney's fees were not in the nature of child support with a five-percent interest rate "as promulgated by the Texas Consumer Credit Commission." There is a section of the final order entitled, "Amicus Attorney's Fees," which describes the allocation of Lacy's $26,108.10 in amicus fees between Father and Mother and what Father owes both Lacy and Mother for his unpaid 75-percent portion of amicus fees as child support after accounting for the amount each parent already had paid Lacy.

"Groundless," for purposes of this rule, means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. *Id.* A lawsuit is groundless, as used in rule 13, if there is no arguable basis for the cause of action. *Attorney Gen. of Tex. v. Cartwright*, 874 S.W.2d 210, 215 (Tex. App.—Houston [14th Dist.] 1994, writ denied). Bad faith involves more than poor judgment or negligence; it involves conscious wrongdoing. *Falk & Mayfield L.L.P. v. Molzan*, 974 S.W.2d 821, 828 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Harassment means that the pleading was intended to annoy, alarm, and abuse another person. *Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

When imposing rule 13 sanctions, the trial court is required to make particularized findings of "good cause" justifying the sanctions. Tex. R. Civ. P. 13. The trial court did not reference rule 13 and made no such findings in this case; however, Father voiced no objection to the trial court's awarding attorney's fees without setting out the findings or the particulars of "good cause" justifying the sanctions. If Father was unclear about the basis for the trial court's award of attorney's fees, such as whether it was being assessed as a sanction or what was the basis and underlying findings for any sanction, then he was required to object to the form of the trial court's order.[14] By failing to so timely object, Father waived any error in the form of the order. *See* Tex. R. App. P. 33.1(a); *Alexander v. Alexander*, 956 S.W.2d 712, 715 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

However, we consider Father's argument that the trial court abused its discretion in imposing sanctions because Mother did not meet her burden of proof. Because that burden must be met with evidence, legal sufficiency of the evidence is

---

[14] Both Mother and Father approved the form of the trial court's final order.

relevant in determining whether the trial court abused its discretion by imposing sanctions. *Yuen v. Gerson*, 342 S.W.3d 824, 827 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). A trial court's decision to impose sanctions will not be overruled on appeal unless an abuse of discretion is shown. *Falk*, 974 S.W.2d at 824. The test for abuse of discretion is "whether the court acted without reference to any guiding rules and principles," or "whether the act was arbitrary or unreasonable." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Father did not request findings of fact and conclusions of law as to the trial court's award of attorney's fees. Therefore, the trial court's judgment implies all findings of fact necessary to support the award. *See Pharo v. Chambers Cty.*, 922 S.W.2d 945, 948 (Tex. 1996); *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990) (per curiam). We cannot hold that the trial court abused its discretion in awarding sanctions if some evidence supports the trial court's ruling. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014). A trial court abuses its discretion when its decision is contrary to the only permissible view of the evidence. *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009) (per curiam). "In assessing sanctions, the trial court is entitled to consider the entire course of the litigation." *Broesche v. Jacobson*, 218 S.W.3d 267, 277 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Father contends at the hearing Mother "did not argue or offer any proof that would categorize [sic] as sanctionable under" rule 13. We disagree, and we conclude Mother presented legally-sufficient evidence both that Father's modification petitions were groundless and were either brought in bad faith or for the purpose of harassment.

Mother testified that she paid her previous counsel a total amount of $23,167, $7,306 of which was to "defen[d]" Father's "frivolous" modification claim. In his petition to modify, Father alleged that the parties' agreed final divorce decree should

15

be modified and he should be appointed sole managing conservator because Mother "has moved numerous times" to the detriment of D.Z.'s "living environment" and "where he received his child care." With regard to Father's allegations of "unstable environment," Mother testified there had been no residence or school changes since more than a year before Father filed his original modification petition, in September 2015. Instead, it was Father who had moved more recently. Mother further indicated that Father admitted he knew D.Z. had a stable school environment:

> [MOTHER]: In petitioner's deposition,[15] he was asked whether the child stay in the same school for two years—
>
> [COUNSEL FOR FATHER]: Your Honor, I think that's hearsay that ought to be—
>
> THE COURT: Overruled. It's a statement of a party. Go ahead, ma'am.
>
> [MOTHER]: He was asked whether the child stay at the same school for two years shows him stability. He testified that, yes, I was happy to that. So he's frivolous, that the child was living in an unstable environment is frivolous.

Even if Father initially may have had a factual basis to bring a modification suit against Mother for providing D.Z. with an unstable living environment, as the suit continued, and Father had knowledge that Mother continued to keep the same residence and school for D.Z., there was no longer a factual basis for Father's "unstable environment" allegations. But Father continued to request modification based on D.Z.'s "being constantly uprooted" and lack of "consistency" as late as his first and second amended petitions filed on October 11 and 21, 2017, even though at that point D.Z. had been at the same residence and school for over three years.

In his original and amended petitions, Father further alleged Mother "admitted" to him that Mother's current husband "has emotional abusive behavior

---

[15] Father was deposed in August 2016.

and treatment toward the [child]" and that Father "has reason to believe [Mother]'s husband['s] abusive behavior will resume against [D.Z.]." In his original petition, Father also requested that the child and Mother's husband "be subjected to psychological evaluations" based on this abuse. Father filed a motion for psychological evaluation, which the trial court denied. Mother testified that Father never found any direct or circumstantial evidence of child abuse after two years of discovery. Mother also testified, at no time either before or after Father filed his modification suit, that she ever had any discussion with Father about, much less admitted the existence of, child abuse. Rather, "[t]he Petitioner write the child abuse in his petition. That's all." Therefore, at the time Father filed each modification pleading, Father's position was not factually well grounded, based on a reasonable pre-filing inquiry.

As discussed above, Mother requested her attorney's fees as sanctions against Father. Applying the familiar standards, we conclude Mother presented legally-sufficient evidence that Father filed modification pleadings that were groundless and either brought in bad faith or for the purpose of harassing Mother. *See* Tex. R. Civ. P. 13; *City of Keller v. Wilson*, 168 S.W.3d 802, 810, 820, 827 (Tex. 2005).[16]

However, Mother's previous attorney did not testify about her attorney's fees

---

[16] The dissenting opinion contends that Mother did not expressly plead and the trial court did not expressly mention rule 13. But considering all of the circumstances involved in this case and the entire record, as explained throughout part II.B., this is not a situation in which this court, post-judgment, seeks to transform a "garden variety attorneys' fee award into a sanctions award." There is neither a credible argument that attorney's-fee sanctions based on Father's frivolous pleading conduct were not on the table and available for the trial court to award, nor does Father argue that he lacked notice or a hearing. Instead, before and during the hearing, Mother alleged that Father filed a frivolous lawsuit and requested that the trial court assess attorney's fees against him; at the hearing, Mother provided evidence that Father filed modification pleadings that were groundless and either brought in bad faith or for harassment purposes; and both at the hearing and in the final order, the trial court awarded Mother attorney's fees against Father for "good cause."

17

at the hearing, and the trial court did not admit Mother's attorney's affidavit or billing records. Mother instead presented her own testimony about the total amount of attorney's fees she paid with a general description of her previous attorney's services. Mother's evidence "lacks the substance required to uphold a fee award" and thus is legally insufficient. *See Nath*, 2019 WL 2553538, at *2; *Rohrmoos Venture*, 2019 WL 1873428, at *25.

Therefore, we sustain Father's first issue and reverse the judgment's $10,000 attorney's-fee award. But in light of *Nath*'s recent abrogation of our long-standing attorney's-fee sanction precedent while this appeal was pending on rehearing, we remand the case to the trial court in the interest of justice for further proceedings limited to Mother's attorney's-fee sanction claim. *See* Tex. R. App. P. 43.3(b).

## C. Amicus attorney's fees

In his second issue, Father contends that the trial court erred in characterizing Lacy's amicus attorney's fees as additional child support subject to income withholding.[17] However, the record does not show that Father lodged any objection in the trial court regarding its characterization of amicus attorney's fees as additional child support able to be withheld from his income. Therefore, Father failed to preserve this issue. *See* Tex. R. App. P. 33.1(a); *In re B.J.W.*, No. 05-17-00253-CV, 2018 WL 3322882, at *3 (Tex. App.—Dallas July 6, 2018, no pet.) (mem. op.) (appellant did not preserve argument regarding characterization of amicus attorney's fees as child support and necessaries for child in trial court (citing *In re Pyrtle*, 433

---

[17] This court recently held that the trial court has discretion to characterize amicus attorney's fees awarded under Family Code section 107.023 as necessaries, but not as additional child support able to be enforced through income withholding. *In re R.H.W. III*, 542 S.W.3d 724, 742–44 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see* Tex. Fam. Code Ann. § 107.023 (court may award reasonable fees and expenses to appointed amicus attorney as "necessaries for the benefit of the child").

S.W.3d 152, 166 (Tex. App.—Dallas 2014, pet. denied), and *In re A.B.P.,* 291 S.W.3d 91, 99–100 (Tex. App.—Dallas 2009, no pet.)); *Thornton v. Cash*, No. 14-11-01092-CV, 2013 WL 1683650, at *15 (Tex. App.—Houston [14th Dist.] Apr. 18, 2013, no pet.) (mem. op.) ("Because they made no complaint in the trial court that it was an abuse of discretion to assess the amicus attorney's fees against them as necessaries for the benefit of the child, we conclude they failed to preserve this argument for appellate review." (citing *In re A.B.P.*, 291 S.W.3d at 99–100)).[18]

We overrule Father's second issue.

### III.  CONCLUSION

We deny Mother's motion to strike. We reverse the portion of the trial court's judgment relating to the attorney's-fee award, and we remand the case to the trial court in the interest of justice for further proceedings limited to Mother's attorney's-fee sanction claim.[19] We otherwise affirm the trial court's judgment as challenged on appeal. *See* Tex. R. App. P. 43.2(a), (d).

/s/      Charles A. Spain
Justice

Panel consists of Justices Christopher, Bourliot, and Spain. (Christopher, J., dissenting.)

---

[18] Father does not complain about the sufficiency of the evidence to support the amicus attorney's fees or the allocation of 75 percent of those fees to him.

[19] Of necessity, our remand must be limited to further proceedings related to Mother's attorney's-fee sanction claim pursuant to applicable case law. We do not otherwise provide any limitation regarding the necessary and proper treatment of this issue by the parties or by the trial court on remand.